```
1  DEMETRAS LAW
   J. Craig Demetras
2  Nevada Bar. No. 4246
   230 E. Liberty Street
3  Reno, NV 89501
4  (Telephone): 775-348-4600
   jcd@demetraslaw.com
5  mail@demetraslaw.com

6  Attorney for Debtor
```

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| IN RE | BK-N-23-50950-HLB |
|---|---|
| PHILIP ANDREW MACKEN, | Chapter 13 |
| Debtor / | **APPLICATION TO EMPLOY CLIFF CAPDEVIELLE [SALTZMAN MUGAN DUSHOFF] AS SPECIAL COUNSEL FOR DEBTOR UNDER 11 U.S.C. § 327(e) and FOR COMPENSATION PURSUANT TO §§ 330 AND 331** |
| | Hearing Date: December 4, 2025<br>Hearing Time: 1:30 p.m.<br>Estimated Time: 10 minutes |

DEBTOR, Philip Andrew Macken, ("Debtor"), the above-captioned Debtor, by and through his counsel, J. Craig Demetras of Demetras Law, hereby files his Application to Employ Cliff Capdevielle [Saltzman Mugan Dushoff] as Special Counsel for Debtor Under 11 U.S.C. § 327(e) ("Application").

This Application is made pursuant to section 327(e) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014. This Application is based on the following

1

points and authorities and the Declaration of Cliff A. Capdevielle in Support of Application to Employ Cliff Capdevielle [Saltzman Mugan Dushoff] as Special Counsel for Debtor Under 11 U.S.C. §327(e) ("Capdevielle Declaration") filed contemporaneously.

## JURISDICTION

1. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 327(e) and Bankruptcy Rule 2014. Further, Saltzman Mugan Dushoff's (the "Firm") right to compensation shall be governed by 11 U.S.C. §§ 330 and 331.

## BACKGROUND

2. Debtor filed this Chapter 13 case on December 14, 2023.

3. Department of Treasury – Internal Revenue Service (the "IRS") filed a Proof of Claim on January 25, 2024, in the amount of $2,786,000.00. [Claim # 9] ("Claim"). The IRS filed an amended Claim on February 27, 2025 in the amount of $1,333,094.95.

4. Debtor filed an objection to the Claim on March 29, 2024. [Doc # 73].

5. The IRS filed its Reply on April 29, 2024. [Doc # 85].

6. In September 2024, prior to the government shutdown, the IRS, through it's revenue agent in Las Vegas served an Information Document Request to the Debtor which included an extensive request for documents and information including Net Operating

2

Loss records, Net Operating Loss Deductions, corporate Schedule C records, and records for Business Use of Home Expense.

7. At a status hearing on November 18, 2025, the Court granted the Debtor's oral motion for order shortening time on this employment application. The hearing is set for December 4, 2025, at 1:30 p.m.

8. Discovery is ongoing with a current close of discovery date set for January 12, 2026, pursuant to a Second Amended Scheduling Order entered on July 23, 2025. [Doc # 191], however, the parties are negotiating the terms of a third amended discovery order.

## **PROPOSED COUNSEL**

9. Debtor requires the assistance of Cliff Capdevielle as special litigation counsel in this case for the purpose of representing the Debtor with respect to matters related to the Department of Treasury – Internal Revenue Service's Proof of Claim.

10. As indicated above, the Debtor needs immediate assistance to respond to the IRS information/document requests.

11. It is necessary for the Debtor to employ special litigation counsel to undertake such actions as may be appropriate or necessary in connection with the Claim. Such actions may include, but not limited to, the debtors federal income liability, the treatment of federal tax claims withing the Chapter 13 plan, the interaction between the bankruptcy process and IRS collection procedures, and any additional tax matters reasonably requested by primary counsel or authorized by the bankruptcy court, including the designation of him as the Debtor's expert in the pending objection to claim proceeding.

3

12. Debtor proposes, upon the granting of this Application to employ Cliff Capdevielle as his special litigation counsel in connection with matters relating to the IRS Claim. Due to Cliff Capdevielle's knowledge, skill and expertise in matters of this type, the Debtor believes that the employment of Cliff Capdevielle as special litigation counsel/expert with respect to matters relating to and involving the IRS Claim, is essential and is in the best interest of the estate.

13. The matter for which Cliff Capdevielle is to be employed is a matter, Mr. Capdeville and counsel for the Debtor will attempt to avoid rendering duplicating services.

14. Compensation of Cliff Capdevielle is subject to court approval as stated below.

The current rates charged for services of Cliff Capdevielle are as follows:

    Cliff Capdevielle                    $650.00 per hour

A true and correct copy of the engagement letter between Cliff Capdevielle and the Debtor is attached to the Capdevielle Declaration which is filed concurrently herewith.

15. Mr. Capdevielle graduated from University of San Diego School of Law and also holds a masters degree (LL.M) in tax law from USD.

16. Cliff Capdevielle has extensive experience representing clients in the areas of contested IRS disputes and tax controversy resolution

17. The Debtor is self-employed as defined in 11 U.S.C. § 1304(a). Additionally, pursuant to § 1303, the Debtor has, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l) of the Bankruptcy Code.

4

The Bankruptcy code authorizes a trustee, with the court's approval, to employ attorneys and other professional persons who do not hold or represent an interest adverse to the estate, and who are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties. 11 USC § 327. While 11 U.S.C. § 327 refers to the trustee's ability to employ professionals, Chapter 13 debtors, particularly those engaged in business, may also employ special counsel when necessary for the administration of the estate or to assist with matters requiring specialized legal expertise.

## PROPOSED COMPENSATION

18. Professional persons employed under 11 USC § 327 may apply to the court for compensation for services rendered as provided under 11 USC § 330.

19. The proposed arrangement for compensation is as follows:

   a. The retainer for Special Counsel is $13,000 with payment to Cliff Capdevielle subject of further order of the Court.

   b. The Trustee is currently holding approximately $82,000 in pre-confirmation funds, which would ordinarily be retained by the Trustee until confirmation or denial of confirmation of the Debtor's Chapter 13 Plan.

20. Good cause exists to authorize the payment of Special Counsel's fees and expenses prior to confirmation because he will provide necessary and valuable services to the Debtor and the estate in pursuit of plan confirmation.

21. The Debtor is satisfied from the attached declaration of Cliff Capdevielle, that he does not represent or hold any interest adverse to the Debtor or to the estate with respect

to the matters for which he is to be employed. Moreover, the Debtor believes that the employment of Cliff Capdevielle as special litigation counsel with respect to matters involving and related to the Claim is in the best interest of the estate. To the best of the knowledge, information, and belief of Debtor, Cliff Capdevielle does not represent any creditor or other party in interest in this Chapter 13 case.

22. Cliff Capdevielle, received no fee or cost advance in connection with his proposed representation of Debtor as special litigation counsel in this Chapter 13 case. Cliff Capdevielle does not hold any pre-petition claim against the Debtor.

23. No compensation will be paid to Cliff Capdevielle post-petition by Debtor except upon application to and approval by the bankruptcy court after notice and a hearing. Cliff Capdevielle understands and agrees to accept such amounts on account of his fees and costs as are approved by the court.

## **CONCLUSION**

The employment of the Firm will benefit the Debtor's estate by providing him with competent legal counsel to represent him in the dispute with the Internal Revenue Service as described above. The Debtor has not retained any other special counsel in this case to assist in this matter but believes it is prudent and beneficial to do so now for this purpose.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting this Application:

1. That he be authorized, pursuant to 11 U.S.C. § 327(e) and 11 U.S.C. § 1303(a), and in accordance with Federal Rule of Bankruptcy Procedure 2014(a) to employ Cliff Capdevielle, as special litigation counsel as set forth above, at the expense of the Chapter 13 estate.

2. Authorizing the Chapter 13 Trustee to disburse funds in the amount of $13,000 to Special Counsel for its retainer.

3. Granting such other and further relief as the Court deems just and proper.

DATED this 18th day of November, 2025.

DEMETRAS LAW
/s/ J. Craig Demetras
By: J. Craig Demetras
Attorney for Debtor

Phil Macken