DEMETRAS LAW
J. Craig Demetras
Nevada Bar. No. 4246
230 E. Liberty Street
Reno, NV 89501
(Telephone): 775-348-4600
jcd@demetraslaw.com
mail@demetraslaw.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| IN RE | BK-N-23-50950-HLB |
|---|---|
| PHILIP ANDREW MACKEN, | Chapter 13 |
| Debtor | **DECLARATION OF CLIFF CAPDEVIELLE IN SUPPORT OF APPLICATION TO EMPLOY CLIFF CAPDEVIELLE [SALTZMAN MUGAN DUSHOFF] AS SPECIAL COUNSEL FOR DEBTOR UNDER 11 U.S.C. § 327(e) and FOR COMPENSATION PURSUANT TO §§ 330 AND 331** |
| _____ / | Hearing Date: December 4, 2025<br>Hearing Time:1:30 p.m.<br>Estimated Time: 10 minutes |

I, CLIFF CAPDEVIELLE, do hereby swear under penalty of perjury that the assertions of this Declaration are true.

1. I am a licensed attorney admitted to practice in Nevada. I am employed with Saltzman Mugan Dushoff which maintains offices located at 1835 Village Center Circle, Las Vegas, Nevada 89134.

1

2. I graduated from University of San Diego School of Law and also hold a masters degree (LL.M) in tax law from USD.

3. My practice is focused on Contested wills and trusts, trust and estate litigation, tax-advantaged estate planning, fiduciary disputes and conservatorships, multi-generational wealth structuring, trust administration for complex assets and IRS disputes and tax controversy resolution.

4. Saltzman Mugan Dushoff is willing to represent the above-captioned Debtor under the terms and conditions set forth in the Application to Employ Cliff Capdevielle [Saltzman Mugan Dushoff] as Special Counsel for Debtor Under 11 U.S.C. § 327(e) and for Compensation Pursuant to §§ 330 and 331 and Retainer Agreement attached hereto as Exhibit "A."

5. Insofar as I have been able to ascertain, I have no connection with the Debtor herein, its creditors, or any other party in interest, or its respective attorneys and accountants, including the United States Trustee, or any person employed in the office of the United States Trustee.

6. I do not hold nor represent a material interest adverse to the estate or the Debtor in the matters upon which I am to be engaged.

7. Based on the foregoing, I believe my employment would be as a "disinterested person" within the meaning of §§ 101(14) and 327 of the Bankruptcy Code.

DATED this __18th__ day of November, 2025.

*Cliff Capdevielle*
Cliff Capdevielle

2

# EXHIBIT "A"

# EXHIBIT "A"

# SALTZMAN MUGAN DUSHOFF
## ATTORNEYS AT LAW

1835 VILLAGE CENTER CIRCLE, LAS VEGAS, NEVADA 89134
MAIN (702) 405-8500 · FAX (702) 405-8501

November 17, 2025

*Via Email to: pmacken5@msn.com & jcd@demetraslaw.com*

Phil A. Macken
1177 Woodford Lane
Gardnerville, NV 89460

J. Craig Demetras, Esq.
Demetras Law
230 East Liberty Street
Reno, Nevada 89501

   Re:  **Nevada Legal Services**

Dear Messers Macken and Demetras:

  This Standard Engagement Letter ("Engagement Letter") describes the terms upon which Saltzman Mugan Dushoff PLLC (the "Firm" or "firm") would provide legal services to Philip Macken ("you" and "Client"), and bill you for those services. Most states require, and the State Bar of Nevada strongly suggests, a written fee agreement between attorneys and their clients. The purpose of this letter is to set forth the scope of our proposed engagement as legal counsel to you, to confirm that we are in mutual agreement with respect to the same, to set forth the financial arrangements pursuant to our engagement and to verify your approval of such financial arrangements, as follows.

  This Engagement Letter also includes the Co-Counsel Fee Agreement ("Agreement") by and between the Primary Bankruptcy Counsel for Philip Macken of J. Craig Demetras, Esq. ("Primary Counsel"), and Tax Co-Counsel Cliff Capdevielle, Esq. ("Tax Counsel"). Primary Counsel and Tax Counsel are collectively referred to as the "Attorneys."

1. **Professional Undertaking:** Our goal is to provide you with quality legal services, on schedule and at a reasonable cost. Using our professional judgment, we will endeavor to assign work on your behalf to those attorneys and other personnel that we deem appropriate under the circumstances. Although we will do our best to serve you effectively, we cannot guarantee success on any given matter. Nor do we guarantee that any particular result will be attained by us. Any questions or concerns that you might have with regard to our services should be directed to us at once.

  Specifically, you have requested Primary Bankruptcy Counsel and Tax Co-Counsel's representation of you in connection with tax issues arising from your pending Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Nevada.

<u>Scope of Representation</u>

Tax Counsel is engaged solely to advise and assist Primary Counsel and the Client concerning:

The Client's federal income tax liability originally assessed at approximately $2.7 million, later reduced to approximately $1.3 million;

The treatment, priority, dischargeability, and payment of federal and state tax claims within the Chapter 13 plan;



Phil A. Macken and J. Craig Demetras, Esq.
November 17, 2025
Page 2 of 6

The interaction between the bankruptcy process and IRS collection procedures, including potential installment agreements, offers-in-compromise, or other tax relief; and

Any additional tax matters reasonably requested by Primary Counsel or authorized by the Bankruptcy Court.

Tax Counsel will not appear as attorney of record in the bankruptcy case unless separately approved by the Court. Primary Counsel retains full responsibility for bankruptcy filings, pleadings, and appearances.

### Fees and Retainer

**Hourly Rate:** Tax Counsel shall be compensated at $650 per hour for all attorney time, consultation, analysis, drafting, and communications.

**Retainer:** Client shall pay a $13,000 retainer to Tax Counsel before commencement of services. The retainer will be deposited in Saltzman Mugan Dushoff, PLLC's client trust account and applied to approved fees and costs.

**Court Approval:** This engagement and compensation are subject to prior approval by the United States Bankruptcy Court pursuant to 11 U.S.C. §§ 327 and 330, Fed. R. Bankr. P. 2014, and applicable Local Rules.

**Fee Applications:** Tax Counsel will maintain contemporaneous time records and submit detailed fee applications or statements for Court review and approval.

### Billing and Payments

Tax Counsel will issue monthly itemized statements to the Client and Primary Counsel describing all services rendered and time expended.

Fees and costs will be paid from the retainer and, as authorized by the Bankruptcy Court, from the bankruptcy estate. If the retainer becomes depleted, Client may be required to replenish it, subject to Court approval.

### Division of Labor and Communication

Primary Counsel shall remain lead counsel for all bankruptcy proceedings. Tax Counsel's role is advisory, focusing on federal and state tax matters affecting the bankruptcy estate, the Chapter 13 plan, and related IRS compliance issues.

Both Attorneys agree to:

Cooperate fully and communicate regularly;

Avoid duplication of effort; and

Keep the Client reasonably informed.



Phil A. Macken and J. Craig Demetras, Esq.
November 17, 2025
Page 3 of 6

Each Attorney will be compensated separately for their own work. No referral fee, percentage, or contingency division will occur between the Attorneys.

### Client Responsibilities

Client agrees to:

Provide complete and accurate financial and tax documentation, including returns, IRS correspondence, and bankruptcy schedules;

Respond promptly to requests for information; and

Cooperate with both Attorneys to facilitate efficient resolution of all tax and bankruptcy issues.

Failure to provide accurate or timely information may adversely affect outcomes.

### No Guarantee of Outcome

Client understands and acknowledges that neither Attorney has made any guarantee or promise regarding the results of the bankruptcy or tax matters. All statements of expectation are opinions only.

### Termination

This Agreement may be terminated:

By either Attorney upon reasonable written notice to the other and to the Client; or

By the Client at any time, subject to Bankruptcy Court approval if required.

Upon termination, Client remains responsible for payment of all approved fees and costs incurred through the effective date of termination.

### Governing Law

This Agreement shall be governed by and construed under the laws of the State of Nevada, except where pre-empted by federal bankruptcy law.

### Acknowledgment and Court Approval

Client acknowledges receipt of this Agreement and understands that Tax Counsel's services are limited to the scope stated herein.

Primary Counsel consents to Tax Counsel's participation and agrees to cooperate in filing an Application to Employ Co-Counsel and a Declaration of Disinterestedness under Bankruptcy Rule 2014(a) and Local Rule 2014 for Court approval.

Unless specifically described above, we do not provide counsel as to the federal income tax aspects of any transactions or with respect to public securities.



Phil A. Macken and J. Craig Demetras, Esq.
November 17, 2025
Page 4 of 6

2. **Hourly Fees:** Generally, our fees for services are calculated based upon the applicable hourly rates for the attorneys and legal assistants who do the work. Our schedule of hourly rates for such personnel is based on experience, training, and level of professional attainment. Currently, our hourly rates for attorneys range from $450 to $900 and for paralegals from $200 to $260. Our rate schedule is reconsidered annually with changes effective January 1 of each year. My hourly rate is $650.

   We believe that our hourly rates are comparable with the rates charged for the same kinds of work by lawyers or other professionals of similar experience, expertise and standing. We try to use associate and paralegal support on projects where possible. When billing, we review our computer-prepared time records carefully and make appropriate adjustments, if we feel they are called for under the circumstances.

   In our experience, this manner of billing is customary for firms like ours, where work is performed by various lawyers, many of whom are specialists in the type of work being undertaken.

   **Other Fee Arrangements:** On occasion, and by specific agreement, we may agree to a fee arrangement other than an hourly fee, such as a fixed fee for a specifically defined project or a contingent fee for a litigation matter. In such a case, the fee and payment schedule will be set forth in this letter or in a separate agreement or addendum, but all other terms of this Engagement Letter will apply.

3. **Costs:** In the course of rendering services to you, it may be necessary for us to incur expenses for items such as filing and recording fees, deposition transcripts, computerized legal research, notary service, overnight or special delivery service, postage, photocopying, facsimile transmissions, telephone calls, travel, lodging, and meals. The actual expenses incurred will vary depending on the services that we provide to you.

   Expenses paid entirely to third-parties (such as travel and lodging expenses) will be billed to you at our "out-of-pocket" cost. No charge will be assessed for either our secretarial services or overtime incurred by our staff.

   Expense items incurred on your behalf will be itemized separately and billed on our statements as "disbursements." Third-party expenses may be forwarded directly to you for payment. As is usually the case, expense disbursements may not be current at the time of final billing. Remaining disbursements, if any, will be billed at a later date.

4. **Billing Statements:** Generally, our statements are prepared and emailed on a monthly basis. Each statement is reviewed in advance by the responsible attorney and then processed through our accounting department. Our statements are payable upon presentation and are overdue if not paid by the Due Date set forth on the statements.

5. **Late Payment:** If you fail to pay our statements in full on or before the Due Date set forth on the statements, we reserve the right to assess you with a monthly service charge equal to 1% of all fees and disbursements which are past due. This monthly service charge will be billed to you at the end of each month in which a late payment occurs. In no event will the service charge be greater than permitted by any applicable law.



Phil A. Macken and J. Craig Demetras, Esq.
November 17, 2025
Page 5 of 6

As further described in Section 9 below, we will have a lien on all files in our possession and their content until we have received payment in full of all amounts due. Also, in litigation matters in which a money judgment is rendered in your favor, we will have a lien on all proceeds thereof to the extent of any unpaid fees or expenses.

We reserve the right to decline to continue to provide you with services if you fail to timely pay our statements without making mutually acceptable arrangements for delayed payments. In the event that our appearance is entered of record in any court proceeding, your failure to pay shall constitute express consent to our withdrawal of our appearance as your counsel in such proceeding.

6. **Retainer: We require payment of a retainer of $13,000 before we render services to you. We may, however, require additional amounts be added to the retainer in the future as we may deem necessary and appropriate.**

   Under the Nevada Rules of Professional Conduct, we are obligated to segregate any retainer in an "escrow" or "trust" account on your behalf separate from our funds until the retainer is "earned" for services rendered or expended for designated disbursements. We reserve the right either to pay any such disbursements directly from the escrow/trust account or to transfer from such escrow/trust account to our account the amount of such disbursements at any time after the expense is incurred, and we also reserve the right to apply any such retainer to our legal fees when services are rendered.

   Unless otherwise agreed, any retainer will be held as security for the payment of any expenses and/or legal fees when due. You grant to us a lien on and security interest in such retainer, together with all replacements and proceeds thereof. If it becomes necessary for us to access the retainer, we will apply the retainer first to the payment of expenses advanced by us on your account and then to legal fees. In the event of any such application, a billing statement will be generated and provided to you. At that time, you may be requested either to replenish or to increase the retainer account. At the conclusion of our legal representation, the retainer, or the unapplied portion thereof, will be returned to you as you direct.

7. **Termination:** You have the right to terminate our representation at any time. We have the same right to terminate our representation at any time, subject to an obligation to give you reasonable notice to arrange alternative representation. In either event, fees and costs incurred on or before the date of termination must be paid as described in this letter.

8. **Special Arrangements:** Special arrangements, if any, governing the basis on which we will provide and bill legal services to you and varying from or expanding upon the general arrangements set forth in this Engagement Letter are described in the cover letter to you or in a separate agreement or addendum hereto.

9. **Attorney's Lien:** We will have a lien on all files in our possession and their content related to the above-described matter until we have received payment in full of all amounts due. Also, in litigation matters in which a money judgment, arbitration award, or a settlement amount is rendered in your favor, we will have a lien on all proceeds thereof to the extent of any unpaid fees or expenses. In the event that we receive, on your behalf, a payment from another party intended for you, we will deduct any outstanding costs and legal fees from the amount before forwarding you the net proceeds.

   You agree that we are entitled to collect from you our reasonable attorneys' fees, whether for in-house or retained counsel, and reasonable costs, which we incur in attempting to collect unpaid fees



Phil A. Macken and J. Craig Demetras, Esq.
November 17, 2025
Page 6 of 6

and/or costs from you. The scope of our above-referenced lien shall extend to any efforts expended by us to recover unpaid legal fees and costs from you.

10. **Other Matters:** Unless we otherwise agree, the terms and conditions of this letter will apply to all matters for which you engage us as counsel.

If this letter correctly sets forth your understanding of the scope of the services to be rendered by Saltzman Mugan Dushoff, and if the terms of the engagement are satisfactory, please execute and return a copy of this letter along with the retainer. If the scope of services described is incorrect or if the terms of the engagement set forth in this letter are not satisfactory to you, please let us know so that we can discuss either aspect.

We look forward to working with you and thank you once again for the opportunity to be of service.

Very truly yours,

**SALTZMAN MUGAN DUSHOFF**



Cliff Capdevielle, Esq.

CC:lhw
cc: Matthew D. Saltzman, Esq.

**Acknowledged, Read and Accepted:**

**Client:**



Phil A. Macken
Date: 11/17/25

**Primary Counsel:**



J. Craig Demetras, Esq.
Demetras Law
Date: 11-17-25

| FOR PAYMENT BY CREDIT CARD: |
|---|
| https://secure.lawpay.com/pages/nvbusinesslaw/trust |
| VISA  MasterCard  AMERICAN EXPRESS  DISCOVER |

| WIRE TRANSFER INFORMATION: |
|---|
| SALTZMAN MUGAN DUSHOFF PLLC IOLTA |
| MEADOWS BANK |
| 8912 SPANISH RIDGE AVE., STE 100 |
| LAS VEGAS, NV 89148 |
| ROUTING NO. 122402382 |
| ACCOUNT NO. 1020053946 |