DEMETRAS LAW
J. Craig Demetras
Nevada Bar. No. 4246
230 E. Liberty Street
Reno, NV 89501
(Telephone): 775-348-4600
jcd@demetraslaw.com
mail@demetraslaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| IN RE | BK-N-23-50950-HLB |
|---|---|
| PHILIP ANDREW MACKEN, | Chapter 13 |
| Debtor | **STATUS REPORT** |
| | Hearing Date: December 4, 2025<br>Hearing Time: 1:30 p.m. |

Debtor, Philip Andrew Macken, by and through his counsel, J. Craig Demetras of Demetras Law hereby files his Status Report. As of the date of this Status Report, pending matters include the following:

Counsel for the United States filed an Unopposed Motion for a Stay of Contested Matter in Light of Lapse of Appropriations on November 5, 2025 [Doc # 194]. The United States requested a stay of proceedings related to the Debtor's Objection to Proof of Claim [Doc. # 73] commensurate with the duration of the lapse in appropriations.

At the Status hearing November 18, 2025, the IRS withdrew its Motion for Stay and the parties informed the Court that they will meet and confer to amend the current

1

Scheduling Order. The primary concern for the Debtor is the employment of litigation and accounting counsel to respond to pending discovery requests from the IRS and to assist the Debtor in discovery and trial preparations.

At the status hearing, Debtor's counsel discussed the imminent filing of request for employment of special counsel. Counsel for the Debtor made an oral request that the hearing for employment of special counsel be heard on shortened time. The Court granted the request and set the hearing for December 4, 2025. The Order Granting oral request for shortened time was entered on November 19, 2025. [Doc # 199]

The Application to Employ Cliff Capdevielle [Saltzman Mugan Dushoff] as Special Counsel for Debtor and for Compensation ("Application") and Declaration of Cliff Capdevielle in Support of the Application was filed on November 19, 2025. [Doc's # 196 and 197] . Upon Mr. Capdevielle's employment, primary counsel and special counsel for the Debtor will be able to have discussions with the Internal Revenue Service's counsel to set out the new discovery deadlines that were extended due to the government shutdown.

Mr. Capdevielle's first task is to respond to the pending IRS Revenue Agent Joanna Lyons' information document request which includes requests for information to support the NOL carry overs for 2019 to 2022; net operating loss deduction for for 2019 to 2022; records for schedule the C for RPM Consulting Group for 2019 through 2020. Some of this information may have been provided in the Debtor's voluminous discovery responses to IRS trial counsel.

The proposed amendments to the Discovery Plan will need sufficient time for Mr. Capdevielle to respond, Ms. Lyon's review and the proposed depositions of the Debtor, Dolores Macken and Ms. Lyons.

The Chapter 13 Trustee has filed an objection to the pre-confirmation payment of Mr. Capdevielle's retainer which has been resolved as the Debtor has agreed that the pre

confirmation distribution shall be made as if the distribution was made post-confirmation in the event this case is dismissed prior to plan confirmation.

As of December 3, 2025, the Debtor has paid One Hundred Forty Three Thousand Eight Hundred Ninety One and 00/100 Dollars ($143,891.00) to the Chapter 13 Trustee. As of the date of the status hearing, the debtor believes that he will be approximately Twenty Six Thousand Three Hundred Eighty-Eight and 00/100 Dollars ($26,388.00) in arrears with a December payment of Eight Thousand Sixty-Seven and 00/100 Dollars ($8,067.00) due on December 14, 2025. The Debtor intends to be completely current by the end of January, 2026.

At the time of the status hearing, the Chapter 13 Trustee has Eighty Five Thousand Two Hundred Forty-Two and 18/100 Dollars ($85,242.18) on hand. The Debtor made a payment in the amount of One Thousand Nine Hundred Fifty and 00/100 Dollars on December 2, 2025 which has not posted as of the filing of this status report. With that payment it will bring funds on hand to Eighty-Seven One Hundred Ninety-Two and 18/100 Dollars ($87,192.18).

In addition, as of the November 2, 2025 bank statement, Heritage Bank is holding Six Hundred Eleven Thousand Twenty-One Dollars and 30/100 Dollars ($611,021.30) for payment to creditors. Pursuant to the Order approving the motion to sell the Debtor's residence [Doc. #125] the non-exempt sales proceeds of $583,362.22 were deposited in an interest bearing money market account at Heritage Bank. Under the Court Order, the Court retained jurisdiction over the disposition of the funds held in the Heritage Bank trust account in the event the case is dismissed or converted.

DATED this 3rd day of December, 2025.

DEMETRAS LAW
/s/ J. Craig Demetras
By: J. Craig Demetras
Attorney for Debtor

3

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Demetras Law and that on December 3, 2025, the foregoing document was served via ECF automated system to all ECF registered parties existing in this case.

Dated: December 3, 2025.

/s/ Julie Ann Raum
Employee of Demetras Law