WILLIAM A. VAN METER, ESQ.
State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89513
(775) 324-2500

Electronically Filed on:  April 16, 2026

Chapter 13 Trustee


UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re: | ) | Case No.:  BK-N 23-50950-HLB |
| PHILIP ANDREW MACKEN, | ) | Chapter 13 |
|  | ) | **TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS** |
| Debtor. | ) | Date:    May 14, 2026 |
|  | ) | Time:   3:00 pm |
|  | ) | Time Required:  (1  Minute) |

**MOTION TO DISMISS**

The Trustee requests that the court enter an order of dismissal in this Chapter 13 case.  This Motion is brought pursuant to, 11 U.S.C. §§ 102, 1307(c), Fed. R. Bankr. 1017(f), and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

At the request of a party in interest, a Chapter 13 case may be dismissed for cause.  11 U.S.C. § 1307(c).  The Bankruptcy Code provides a nonexclusive list of items that may constitute cause for dismissal of a Chapter 13 case.  More specifically, Section 1307 of the Bankruptcy Code provides as follows:

(c)      Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including
　　　　(1) unreasonable delay by the debtor that is prejudicial to creditors;
　　　　　　…
　　　　(3) failure to file a plan timely under section 1321 of this title;
　　　　(4) failure to commence making timely payments under section 1326 of this title;
　　　　(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
　　　　(6) material default by the debtor with respect to a term of a confirmed plan;
　　　　　　…
　　　　(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan . . ..
　　　　(11)  failure to pay a postconfirmation domestic support obligation . . .;
　　　　. . .

(e)      . . . failure of the debtor to file a tax return under section 1308.

A Chapter 13 case that was filed on or after October 17, 2005 is also subject to automatic dismissal five (5) days following a request of a party in interest to dismiss the case based on the Debtor's failure to file documents described in 11 U.S.C. § 521(a)(1) within forty-five (45) days of the petition date.  11 U.S.C. § 521(i).  The Court may also dismiss a case filed on or after October 17, 2005 based on the Debtor's failure to provide the Trustee with specified tax returns within 7 days of the 341 hearing.  11 U.S.C. § 521(e)(2)(B).

The Trustee believes that the Debtor's Chapter 13 case should be dismissed, or alternatively, if the Court deems it is in the best interests of creditors and the estate, convert the case to Chapter 7 for the following reasons:

The Debtor's plan payments are in default.   Based on the Trustee's records on the date this Motion was prepared, the status of the case is as follows:

| | |
|---|---|
| Date case filed: | **12/14/2023** |
| Plan Payment: | **$8,067.00** |
| Amount Due: | **$210,614.00** |
| Amount Received: | **$161,359.00** |
| Delinquency: | **$49,255.00** |
| Approximate months delinquent: | **5.9** |

**As time passes, the above delinquency calculation may change if additional plan payments are not made**. The Trustee will, upon request, provide updated information.  Updated information regarding payments received is also available on line at the Trustee's website: www.reno13.com. The delinquency is calculated as of the date this document was filed. **In addition this calculation does not include the current month's payment**.

In the event the court grants the trustee's motion, the trustee requests that the court enter an order pursuant to 11 U.S.C. § 349(b)(3) directing the disposition of any undistributed funds.

Dated:  April 16, 2026

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, ESQ.