BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

PATRICK R. BURNETT (DCBN 1780072)
KENTON MCINTOSH (DCBN 1656705)
Trial Attorneys, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Phone: 202-514-6619 (Burnett); 202-514-3768 (McIntosh)
Fax: 202-307-0054
Patrick.R.Burnett@usdoj.gov
Kenton.McIntosh@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 23-50950-HLB |
| PHILIP ANDREW MACKEN, | Chapter 13 |
| Debtor. | **LIMITED RESPONSE TO TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS (ECF NO. 220)** |
| | Judge: The Honorable Hilary L. Barnes |

The United States of America, by and through its undersigned counsel, respectfully submits this Limited Response to the Trustee's Motion to Dismiss for Failure to Make Plan Payments (ECF No. 220). The United States does not oppose the Trustee's finding that cause exists under 11 U.S.C. § 1307(c) to act in this case. However, if the Court determines that relief is warranted, the United States respectfully requests that the Court convert this case to Chapter 7 rather than dismiss it outright, as conversion is in the best interests of creditors and the estate.

## I.    INTRODUCTION

Section 1307(c) expressly grants this Court discretion to either dismiss a Chapter 13 case or convert it to Chapter 7, "whichever is in the best interests of creditors and the estate." That discretionary choice is not a formality. Here, the United States holds an unassessed priority tax claim of $692,641.59 against the Debtor. (Claim 9-2.) Dismissal would result in a creditor free-for-all outside of bankruptcy that would effectively eliminate the United States' priority status and dissipate estate assets before the IRS can complete assessment and collection. Conversion to Chapter 7, by contrast, preserves the bankruptcy estate, protects the statutory priority of the United States' tax claim, and ensures an orderly administration of assets consistent with the priority scheme Congress established under 11 U.S.C. § 507(a)(8).

## II.    BACKGROUND

The Debtor filed this Chapter 13 case on December 14, 2023. The United States has been an active participant in this proceeding. In connection with the tax liabilities at issue, the parties have invested substantial resources in discovery, including three depositions and the exchange and review of nearly 3,000 documents. (*See* ECF No. 73, Objection to Claim.) The tax liabilities underlying the United States' priority claim have not yet been formally assessed. That assessment process remains pending administratively and before this Court through the Debtor's Objection to Claim.

## III.    LEGAL ARGUMENT

### A. The Court Has Discretion to Convert Rather Than Dismiss and Should Exercise That Discretion in Favor of Conversion.

Where cause exists under § 1307(c), the Court must determine which remedy—conversion or dismissal—better serves the interests of creditors and the estate. That inquiry is "a balancing test to be applied through case-by-case analysis." *In re Henson*, 289 B.R. 741, 754 (Bankr. N.D. Cal. 2003) (noting it is same test for determining between conversion and dismissal under 11

2

U.S.C. § 1112(b) that applies in Chapter 11 cases). Courts have recognized that conversion is the superior remedy where dismissal would prejudice a creditor whose claim would receive priority protection under the Bankruptcy Code but who would lose that protection in a post-dismissal collection race. *See, e.g.*, *In re Sandia Resorts, Inc.*, 562 B.R. 490, 497 (Bankr. D.N.M. 2016); *Henson*, 289 B.R. at 746 (holding conversion was preferred to maintain "the priorities fixed by the Code" instead of the creditors having to "compete with each other for [the debtor's] assets").

Courts have also recognized that the relative cost-efficiency of each remedy bears on this analysis. *See In re Swing H. Rehearsal and Recording, Inc.*, No. 2:16-BK-24758-RK, 2023 WL 3301015, at *5 (Bankr. C.D. Cal. May 8, 2023) (observing that the choice between conversion and dismissal turns in part on which path imposes fewer costs on the estate and creditors). Here, conversion to Chapter 7 would place a trustee in charge of marshaling and administering the Debtor's assets under a defined statutory framework, providing structure and efficiency that a dismissal-and-race-to-collect scenario cannot replicate. *See also In re Exigent Landscaping, LLC*, 656 B.R. 757, 776 (Bankr. E.D. Mich. 2024) ("A dismissal of this case likely would lead to an inefficient, possibly chaotic, and potentially unfair race by the Debtor's many creditors individually to try to collect their debts from the Debtor, in one or more non-bankruptcy courts."); *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 810 (Bankr. D. Colo. 2012) (noting that a dismissal that would lead to an "inevitable race to the courthouse by individual creditors to obtain judgments" is a factor favoring conversion).

### B. Dismissal Would Destroy the United States' Statutory Priority and Reward Competing Creditors at the Government's Expense.

The United States holds a priority tax claim under 11 U.S.C. § 507(a)(8). (Claim 9-2.) Because the underlying taxes have not yet been formally assessed, the United States' claim has not yet been reduced to a fixed, allowable amount in this proceeding. Dismissal of this case before a determination of the tax has been made would effectively force the United States to pursue

3

collection in parallel with other creditors outside of bankruptcy—without the benefit of the priority framework that Congress expressly enacted to protect tax claims. Other creditors could obtain judgments, record liens, or otherwise reach estate assets ahead of the IRS, thereby inverting the priority structure that § 507(a)(8) is designed to enforce.

This concern is not abstract. The Debtor owes substantial sums, and the discovery record—three depositions and nearly 3,000 documents exchanged and reviewed—reflects the complexity and significance of the tax issues at stake. The parties have invested considerable resources to develop the factual record necessary to resolve those issues. Dismissal would waste that investment and shift the litigation to a less orderly forum, to the detriment of both the United States and the estate.

Conversion to Chapter 7 avoids these harms. A Chapter 7 trustee would administer the estate in an orderly fashion, the priority scheme of § 507(a)(8) would apply to distributions, and the United States would have the opportunity to have its claim assessed and allowed before assets are disbursed to lower-priority creditors.

**IV.    CONCLUSION**

The United States does not contest that cause exists to act in this case and the importance of making plan payments. However, the Court should exercise its discretion under 11 U.S.C. § 1307(c) to convert this case to Chapter 7 rather than dismiss it. Conversion is in the best interests of creditors and the estate because it preserves the Debtor's estate, protects the United States' statutory priority under § 507(a)(8), prevents a creditor race to the courthouse that would prejudice the public fisc, and honors the substantial investment the parties have made in developing the factual record governing the Debtor's tax liabilities.

4

Dated: April 30, 2026.

/s/ Kenton McIntosh
KENTON MCINTOSH
PATRICK R. BURNETT
Trial Attorneys, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled thereto.


/s/ Kenton McIntosh
KENTON MCINTOSH
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice

6