DEMETRAS LAW
J. Craig Demetras
Nevada Bar. No. 4246
230 E. Liberty Street
Reno, NV 89501
(Telephone): 775-348-4600
jcd@demetraslaw.com
mail@demetraslaw.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE | BK-N-23-50950-HLB |
| PHILIP ANDREW MACKEN, | Chapter 13 |
| Debtor | **OBJECTION TO TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS** |
| _____ / | Hearing Date: May 14, 2026<br>Hearing Time: 3:00 p.m. |

Debtor, Philip Andrew Macken, by and through his counsel, J. Craig Demetras, of Demetras Law, hereby objects to the Chapter 13 Trustee's Motion to Dismiss for Failure to Make Timely Plan Payments filed on April 16, 2026 [Doc # 220] with a hearing set for May 14, 2026 at 3:00 p.m.

In support of his Opposition to the Trustee's Motion To Dismiss For Failure to Make Plan Payments, Debtor represents as follows:

1.  This Chapter 13 case was filed on December 14, 2023.

2.  As of the filing of this case, the Debtor has paid approximately $170,000 in plan payments, with a breakdown as follows:

1

a. In 2024, the Debtor paid 27 plan payments for a total of $81,607 (after an initial payment of $872 in January 2024, an Amended Plan was filed proposing monthly payments $8,067. See ECF 28.

b. Total payment required under the Amended Plan for 2024 was $89,609 for a payment deficiency at the end of the year 2024 of $8,002.

c. In 2025, the Debtor fell behind on his plan payments due to unexpected expenses for repairs to his vehicles which were 13 and 14 years old, increased health insurance premium nearly tripled, as well as out of pocket expenses and necessary prescriptions, business expenses, and storage costs.

d. In 2025, due to the unexpected increase in expenses, the Debtor paid 29 plan payments for a total of $65,304.

e. At the end of 2025, the Debtor was $31,500 behind under the proposed payments for 2025 and $8,002 behind for 2024.  By the end of 2025, the Debtor had paid $154,913 in plan payments.

f. In 2026, the Debtor began to receive Social Security benefits of $3162, and the Debtor has been using these exempt funds to catch up on the plan payments.

g. As of April 30, 2026, the Debtor has paid 25 payments in four months for a total of $22,666.  At this point, the Debtor is $9,602 behind for 2026 under the proposed payments for the first four months of 2026.

h. Based upon the foregoing, the Debtor proposes the following schedule to

2

bring the plan payments current.

(i)  May 2026 – July 2026 monthly payments  $8,567.00

(ii)  August 2026 – January 2027 monthly payments $9,067.00

(iii)  February 2027 - December 2028 monthlypayments$9,967.00

3. The Debtor sold his primary residence in July 2024. ECF 125.  After payment to secured creditors, commissions, and closing costs, the Debtor paid the Kuhn Trust $300,000 and $50,000 for administrative costs from his exempt proceeds.

4. The balance of the non-exempt sales proceeds was deposited in a trust account which is reserved for the payment of allowed claims in the Chapter 13 Reorganization.  The current balance in the Heritage Bank Trust account is $609,932.87.

5. Including the plan payments, the Kuhn Trust payment, the administrative cost payment, and the deposit of the non-exempt proceeds from the sale of the residence, the Debtor has paid in $1,129,932.87 into the Chapter 13 reorganization case for payment to allowed claims in this estate.

6. In December 2025, the Debtor employed Cliff Capdevielle as special counsel. ECF 206.  Mr. Capdevielle is assisting the Debtor with the pending objection to the claim of the IRS.

7. Debtor's counsel, Mr. Capdevielle and trial counsel for the IRS are currently negotiating an agreement to be filed with the Court in a Status Report to be filed prior to the hearing on this motion, substantively as follows:

3

a. Depositions of the Debtor and the Debtor's spouse will be set for July 20, 2026, and July 21, 2026, in Reno, the Deposition of the IRS Revenue Agent is proposed to take place in Las Vegas on July 23,2026.

b. The parties will request the Court to set a date in early December for a hearing on any timely filed motions for summary judgment.

As indicated in the Limited Response filed by the IRS, the United States holds a priority tax claim which has not been formally assessed and has not been reduced to a fixed, allowable amount in this proceeding.  Further, both parties to the claim objection have made a substantial investment in developing the factual record and will continue to do so with the pending discovery and motion practice which is proposed.

Under 11 U.S.C. § 1307(c), the Court has the discretionary authority to dismiss a Chapter 13 case. *In re Green*, 64 B.R. 530, 531 (9th Cir. B.A.P 1986). In *Green*, the BAP affirmed the trial court's ruling that the missed plan payments were not a material default of the Plan under §1307. *id* at 530, In *Green,* the Debtors had made substantial payments under the confirmed plan.  In this case there is no confirmed Plan. While failure to make pre-confirmation payments under §1326 may be a cause for dismissal under §1307(c)4, the circumstances in this case do not warrant dismissal under the Court's discretionary authority.  The Debtor has made good faith efforts to comply with the Amended Plan and has demonstrated an ability or willingness to cure the delinquency.  After the adjudication of the IRS claim, the Debtor should be afforded the opportunity to file a Second Amended Plan to provide payments according to the

provisions of the Code to the allowed claims in this case.

Dismissal would be contrary to the purposes of Chapter 13, which is designed to provide debtors with an opportunity to reorganize their financial affairs and repay creditors through a manageable plan.

It is in the best interests of the creditors to allow the Debtor to continue making monthly payments with 32 more payments due in the Chapter 13 reorganization, approximately $256,000 in income that is not available in Chapter 7.

WHEREFORE, Debtor requests that the Trustee's Motion to Dismiss be DENIED.

DATED this 30th day of April, 2026.

DEMETRAS LAW
/s/ J. Craig Demetras
By: J. Craig Demetras
Attorney for Debtor

5

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Demetras Law and that on April 30, 2026, the foregoing document was served via ECF automated system to all ECF registered parties existing in this case.

Dated: April 30, 2026.

/s/ Julie Ann Raum
Employee of Demetras Law